The bill sets forth that the three Miss Wraggs, one of whom has intermarried with Mr. Pógson and another with Mr. Smith, were coparceners in a considerable estate, consisting of lands, negroes, debts due to them, &c. That before the intermarriage of the said ladies, since, Mr. Owen was employed as the factor of x * estate, received the crops and sold them and received the money, and also recovered part of the debts due, and hath appropriated and laid out part óf the monies . , .. .. , , _. . thence arising to the use of the parties interested. But that these appropriations and payments fall far short °f the monies received by him. • - .
The bill further states that the complainants have requested the said John Owen to render a fair and full account, charging them with their share of the payments or appropriations made by him and to pay over to complainants whatever balance may be due to them, which he has refused to do. That complainants have applied to Mr. Smith and his wife, and to Miss Wragg, to become parties in this suited join them in the prosecution of their suit; but they have refused to do so. The bill therefore prays that Mr. Owen may be decreed to render a full account, and to pay to complainants what may appear to be justly due them. To this bill Mr. Owen has demurred, and for cause of demurrer sets forth that it appears by the bill itself that the- complainants *32 Mrs. Pogson and Miss Wi’agg and Mrs, Smith , "C coparceners in the estate in question, and jointly employed the defendant to sell and dispose ^of the crops, an¿ collect the money due to the estate. And that complainants at the time of'filing their bill had no separate jnterest in said crops orchoses in action ; but a joint and undivided interest with the other coparceners ; and that the said J. Owen accepted the agency for all the co-parceners and not for the complainants alone; therefore the defendant demurs for want of parties as complainants, and he denies combination with the other defendants. Mr. and Mrs. Smith and Miss Wragg, also demurred to the bill and for cause of demurrer set forth, that there is nothing in said bill contained sufficient to call them into this court for the same, in as much as defendants have an adequate remedy by a different and appropriate bill, for the severance of the joint and several interests ; and because the present bill is inadequate to bring all the matters in dispute before the Court, so as to enable it to decide fully upon the rights of all the parties, and to answer the purposes of complete justice; and because these defendants would be deprived of the benefit of any set off against the complainants ; and because the bill has united as defendants persons in opposite interests ; and because distinct and independent subjects are blended and confounded in the said bill, and several matters of different natures demanded against different defendants; and because in respect to the subject of the bill, there is no privity between the complainants and defendants, the defendants not being agents of, or accountable to complainants, but are only answerable in a bill for a severance of their joint interests as co-heiresses to which bifl they might set off any discounts $ and because these defendants are not liable to complainants’ demands ; and because complainants have not a complete title to institute a suit in relation to the subject matter set forth and claimed by their bill, the same being settled on trustees who ought to be parties as complainants $ and these defendants deny combination with J. Owen.
*33 I have considered this case and the authorities cited . uy the counsel on the argument» It certainly is not clear of difficulties, for the cases and rules of pleading do not favor suits brought by one of several persons equally and jointly interested. When we examine the reason of this, it is principally (as was properly stated by the ^complainant's counsel) to protect the defendant from being harrassed by as many suits as there are parties interested jointly 5 and also to prevent one coparcener filing a bill in his own name, perhaps clandestinely, against the joint agent, and obtaining a settlement for more than is due to him, to the prejudice of Ids coparceners. But when' some of the parties interested will not unite in the suit, shall it be in their power to prevent their coparce-ner from obtaining justice — nay, from proceeding to ask justice ? I think not. It would be converting what was intended as a shield to protect the rights of some parties, into a sword to destroy the rights of others.
The bill states, and demurrer admits, that the complainants requested Mr. & Mrs. Smith and Miss Wragg, to join in this suit, but they refused : nor could the complainants oblige them to do so. But it is argued they might have a summons and severance of their rights and interests, and then a suit might be instituted without the concurrence of the other coparceners. Several answers might be given to this argument. It is doubtful (as the counsel candidly stated) whether such severance of the estate would affect the crops, the profits, in the hands of J. Owen, which came into his hands a joint estate and remains joint. Then the obstinacy of one of the parties interested might for ever debar the others of their just rights. This I cannot admit. And if it be conceded that by the summons and severance followed by the judgment, the party seeking it, may sue alone, this would shew that the right of the defendant to be protected from several suits for the same matter, yields to the higher claims of substantial justice.
Now I deem the avowed refusal of one coparcener to join his companion in a suit against their joint agent, as *34 equivalent in this Court to a summons and severance at law. This Court which looks to^ substance and not to form, will consider that done, which ought to be done, and proceed accordingly to do justice, rather than turn the parties round and shut the doors of Justice against them. This Court will be astute to prevent such manifest injustice. Lord Hardwicke was of this opinion in the case of Seymour vs. Bennet and al. 2 Atk. p. 482, where he said he would do in the case then before him, as in a partition casé, where there are parceners in an advowson who could not agree in the nomination of one person ; the Court will direct the parceners to draw lots, who shall have the first presentation; the only remedy for the evil.
What is the object of this summons and severance? Lord Hardwicke states it clearly in the case of Darwent vs. Walton, in 2 Atk. 510. He says, what is the method of proceeding at law, in case of a joint demand, if one of the creditors will not join in the action ? He is summoned and severed. If he will not proceed jointly after summons and severance, then the other creditor has judgment quod sequatur solus. The object of this proceeding at law is to establish that one of the joint creditors will not join in the suit. A formal mode is prescribed to obtain that knowledge at law. Here the bill alleges that the complainants applied to their coparce-uors to join with them in the suit, and that they refused. The demurrer admits this fact. It is then established. And can this Court, with that knowledge, now forming part of the record, turn the complainant round and say to him, It is true you may have just demands, and the defendants admit them, by their demurrers, but you cannot have any remedy, because your coparcener does not chuse to join you in the prosecution of your claims ? I cannot bring my mind to hold that language to the suitors in this Court. Nor is there any good reason why the Court should lean in favor of these demurrers. What injustice can result to Mr. Owen-from going into an account of his agency and stating his receipts and his *35 expenditures, and paying to complainants their propertion of the balance, charged by complainants to be in his hands, and admitted to be so by his demurrer ? None can arise to him. He will have all iust allowances be- ° fore the master. What injury can result to the copar-ceners who refuse to join in the suit ? None that I can perceive j and if any should result, would it not be from their ow;n refusal to join in the suit ? Hut it is said they might be deprived of the benefit of any discounts or demands which they might have against the complainants. That is, they wish to introduce other matters depending between the coparceners themselves, into this bill against the agent, filed to procure a settlement of his accounts. Surely this would be introducing various and discordant matter, standing in distinct rights, into a very plain case, and perplexing asimple demand upon a joint agent for an account, by mingling the transactions of the co-parceners themselves. It seems to me that the discussion of these would be better in a distinct bill between the parties.
One of the grounds of demurrer is, that the defendants Mr. Smith and his wife and Miss Wragg are called upon and made answerable though they are not agents or accountable to complainants. This is manifestly founded in a misapprehension of the scope of the bill. The bill does not call on them for any account. —They-are made defendants merely to answer to the charge that they had been requested to join in the bill and had refused ; which it was necessary to do, to account for the complainant’s suing alone. And no demand is made upon them by this bill, which is a simple bill against an agent for an account.
The demurrer also states that complete justice cannot be done to the parties in this suit, which is a great object to the Court. No doubt this is properly a great object with this Court. But the demurrer is founded again in misapprehension of this bill, which is not to call the co-parceners to an account or settlement, but simply to have an account from their agent. And it would have *36 been a very forcible objection to the bill, if besides de« «landing an account from their agent, it had demanded an account and general settlement with the coparceners. Upon the whole of this case, I do not think the decisions in the other cases come up to it. The complainants solicited the concurrence of their coparceners in the suit. They have refused. It would be monstrous to say in such case, the complainants can have no remedy, and that though the defendant Mr. Owen admits by his demurrer that he has money of theirs in his hands, they shall'not be entitled to recover, or even to pursue their demand. For these reasons I feel obliged to overrule these demurrers. And I must add that as the defendants stand on strict pleading, they must expect the strict application of the rules of pleading to them. The defendants were aware of the necessity they were under of supporting their demurrer by an answer, so far as te deny combination. "(See 1 Vernon 416—Hinde 157.) They therefore have denied combination $ but they have not sworn to their answer ; now as this denial formed no part of the demurer, but is essentially an answer upon a most important point, it was necessary to be sworn to, as all other answers are to be. Not being sworn to, it is a mere nullity, speaking technically; and the demurrer stands unsupported by a regular and proper answer duly sworn to, denying combination, and the demurer must be overruled on that ground. If the want of the names of the trustees be a defect, the Court will permit complainants to amend their bill and make the trustees parties, as is frequently done by the Court, even when the demurrer ha3 been held good for want of parties, (Mitford, p, 146.) I feel the more satisfied with this decision, because I know that it cannot do the defendants any harm ; for if upon the hearing of the case it should really appear that injustice would be done to them, or that full justice could not be done to them in this shape, it will not be too late to prevent those evils, for in equity you may take exception for want of proper parties at the hearing of the cause. (2 Atk. 510, *37 Darwent t>. Walker.) On the other hand, if I sustained these demurers, it might be shutting the doers of justice against the complainants.
Parkeii, for complainant.
Smith & Cheves, for defendant.
From this decree an appeal was made on the following grounds :
1st. Because one of several persons jointly interested cannot maintain a suit against a joint agent, and the refusal of his companions will not authorize such suit, not being tantamount to a severance of their joint interests.
* 2d. Because complainants have another more suitable remedy hy bill against their copareners for severance and adjustment of their respective interests, and have no right to any specific and distinct property in the hands of the agent, until after such adjustment j andthe. agent may have, previously to the filing the bill, settled his accounts with a majority of the concern.
3d. Because if the bill be sustained, an agent may be harrassed with as many suits as there are copartners without being able to ascertain and liquidate the several shares or proportions claimed by the copartners to the funds in his hands j and he may thus appear a debtor to one individual partner, while he is in fact a creditor of the concern.
4th. Because serious injustice and injury might result from these separate suits to the copartners, defendants;
5th. Because the copartners, defendants cannot be parties in this suit to the settlement of accounts on a reference and may therefore be bound by the statements then produced •, and yet it is just that prior to a settlement between the complainants and the joint agent, the other copartners should have an opportunity of bringing forward their demands on the joint stock, and should have a lien on the complainants share in the hands of the agent, each separate partner having no separate interest in said stock, but only his liquidated share on a settlement of accounts with Ms coparceners.
6th. Because the decree overruling,- the demurrer is fount*ed on the idea that the defendants have by their demurrer admitted that John Owen has in his hands funds exclusively belonging to complainants, which is expressly denied by protestation, and repelled by tire very objects and purview of the demurrers, which are perfectly inconsistent with the idea of any such admission.
7th. Because the demurrers, though not on oath, are sufficiently good and effectual to deny combination, the same not being required to be on oath, and if they were, the complainants waved the objection and consented to admit them as good and effectual without oath ? nor could an oath, without such acquiescence, be requisite? where there was no testimony on oath to disprove the answer and establish combination.
This appeal came on to be heard before the Coui’t of Appeals, held at Charleston on the 14th of March 1810, at which were present, the Chancellors Rutiedge, James/Thompson, Desaussuke and Gaixiaed.
At the hearing, it was contended by Mr. W. L. Smith, for the appellant, that the doctrine as to joint-tenants and coparceners suing together, was the same in Equity as in the court of law? and that at law the demurrer in such case would be sustained. He cited 1 Yernon, 110, 463? Hinde’s Practice, 146, 180, 223 ; 2 Atk. 510,482 ? 3 Atk. 726 ; IP. Wins. 428 ? 4 Yesey, jun. 154 ; Watson on Parta. 96, 155, 173 ? 1 Salk. 32? 2 Salk. 440 ? 2 Hen. Black, 386 ? 6 T. Rep. 766 ? 7 T. Rep. 279.
After a full hearing, the Court of Appeals unanimously affirmed the decree of the Circuit Court.